The principal amount of the damages awarded by the judgment appealed from, $25,014.78, should be reduced by $5,406.46, making $19,608.32 to be recovered as damages for breach of contract, with interest from the date of the breach, December 16, 1946. The following items, included in the recovery awarded below, are disallowed: $2,581 paid to rescind the sale of the merchandise in suit by plaintiff to Formula T Laboratories; the following expenses claimed on resale: $865 for advertising, postage, cables and phones; $656.70 for storage and insurance; $907.35 for trucking, marking, delivering and sorting; and, also, $396.41, which is the extent by which the realizable amount of the unsold merchandise in plaintiff's possession was understated. We find that the amount paid to rescind the sale to Formula T Laboratories was not an expense reasonably necessary in disposing of the merchandise in suit, and was not a proper factor in measuring the realizable value of such merchandise, notwithstanding: the absence of a market value therefor. The expenses mentioned are disallowed for the reason that we find that the proof of such alleged expenses for advertising, postage, cables, phones, storage, insurance, trucking, marking, delivering and sorting was unitemized, unsupported by any vouchers, nor were such expenses shown to be necessary. Suitable findings of fact should be made in support of the conclusion reached, and contrary findings of the trial court should be specifically reversed. Judgment modified by reducing the damages awarded to $19,608.32, with interest from December 16, 1946, amounting to $3,032.96, making a total of $22,641.28, pins the costs taxed in the court below of $161.20, making in all the sum of $22,802¡48, but without costs of this appeal. ■ Present — Peek, P. J., Glennon, Dore, Yan Yoorhis and Shientag, JJ.; Shientag, J., dissents as follows: I dissent insofar as the items for expenses paid to Formula T Laboratories and of resale, advertising, postage, cables, telephones, storage and insurance, trucking, delivering and sorting are disallowed. No *853 point was made at the trial as to th'ésé amounts, and the items could have been substantiated by the books of account had there been any suggestion of insuffh feient testimony. No motions were addressed to the impropriety of allowing these items, and as the ease was tried, the trial court was warranted in accepting the testimony as to those amounts of damage. The judgment should be modified fey disallowing only the item of $396.41-. Béttle Order on notice.